J-S25007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAKOTA ANTHONY KING | : | |
| | : | |
| Appellant | : | No. 841 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 25, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000380-2020

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED: AUGUST 23, 2022**

Appellant, Dakota Anthony King, appeals from the judgment of sentence of 6 months' probation, imposed after he was convicted, following a non-jury trial, of four counts of driving under the influence of alcohol (DUI), failing to carry a vehicle registration card, driving without rear lighting, and other related traffic offenses.  On appeal, Appellant seeks to challenge the sufficiency and weight of the evidence to sustain his convictions.  Additionally, Appellant's counsel, Christopher J. Martini, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the facts underlying Appellant's convictions, as follows:

[Pennsylvania State] Trooper James Lenze testified that he was on routine patrol on June 6, 2020, at 1:24 a.m., when he observed a red Dodge Charger with rear lighting that was not illuminated on the passenger side. Trooper Lenze began to follow the vehicle. Eventually the vehicle pulled into a parking lot and two males exited the vehicle. Trooper Lenze then activated his emergency lights and initiated a traffic stop. Upon making contact with [Appellant,] Trooper Lenze observed that [Appellant] exhibited signs of intoxication. Trooper Lenze requested that [Appellant] perform a Standardized Field Sobriety Test, and upon completion of this test[,] Trooper Lenze placed [Appellant] under arrest for [DUI]. Trooper Lenze transported [Appellant] to Bradford Regional Medical Center (BRMC) for a blood draw, [to] which [Appellant] consented…. Both parties stipulated to the lab results, which indicated that [Appellant] had a blood alcohol concentration (BAC) of 0.13% and that Cocaine, Benzoylecgonine, and Cocaethylene were also present in [Appellant's] bloodstream.

Trial Court Opinion (TCO), 9/14/21, at 2.

Based on these facts, the court convicted Appellant of the above-stated offenses. On June 25, 2021, he was sentenced to a term of 6 months' probation. The court directed that Appellant serve the first 4 days of this term in the county jail, and the next 45 days on house arrest. Appellant did not file a post-sentence motion.

On July 21, 2021, Appellant filed a timely notice of appeal. He also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, setting forth the following two issues for our review:

1. There was insufficient evidence presented by the Commonwealth at [Appellant's] non-jury trial to satisfy the trial court that [Appellant] was guilty beyond a reasonable doubt of counts 1, 2, 3, 4, 5[,] and 9.

2. The verdict issued by the trial court, that [Appellant] was guilty beyond a reasonable doubt of counts 1, 2, 3, 4, 5[,] and 9 was

against the cumulative weight of the evidence presented by the Commonwealth.

Pa.R.A.P. 1925(b) Statement, 9/7/21, at 1 (unnumbered; unnecessary capitalization omitted).

Attorney Martini thereafter filed with this Court an **Anders** brief and petition to withdraw from representing Appellant, concluding that Appellant's sufficiency and weight-of-the-evidence issues are frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Martini's *Anders* brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains (albeit cursorily) his reasons for reaching that determination. Additionally, Attorney Martini states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief, and he attaches to his petition to withdraw a letter directed to Appellant in which he informs Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has substantially complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

First, Appellant seeks to challenge the sufficiency of the evidence to sustain his convictions for "counts 1, 2, 3, 4, 5[,] and 9." Pa.R.A.P. 1925(b) statement at 1 (unnumbered; capitalization omitted). Preliminarily, we agree with the trial court that Appellant's claim is waived based on his failure to

identify, specifically, what element(s) of the offenses the Commonwealth failed to prove. ***See*** TCO at 4-5; ***see also Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) ("If Appellant wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. … [Where a] 1925(b) statement [] does not specify the allegedly unproven elements[,] … the sufficiency issue is waived [on appeal].").

In any event, even if not waived, we would agree with Attorney Martini that it would be frivolous for him to raise a sufficiency challenge on appeal.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno***, ***supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant seeks to challenge his convictions for DUI (counts 1 through 4), failing to carry a vehicle registration card (count 5), and driving without rear lighting (count 9). In regard to Appellant's DUI counts, he was convicted under the following provisions of 75 Pa.C.S. § 3802:

> **(a) General impairment.--**
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is

> rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

> \*\*\*

> **(b) High rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

> \*\*\*

> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

> (1) There is in the individual's blood any amount of a:

> \*\*\*

> (ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or

> (iii) metabolite of a substance under subparagraph (i) or (ii).

75 Pa.C.S. § 3802(a)(1), (b), (d)(1)(ii), (d)(1)(iii).

Appellant also challenges his conviction for violating 75 Pa.C.S. § 4303(b), which states that "[e]very vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, in conformance with regulations of the department." Additionally, Appellant attacks his conviction for violating 75 Pa.C.S. § 1311(b), which states: "Every registration card shall,

at all times while the vehicle is being operated upon a highway, be in the possession of the person driving or in control of the vehicle or carried in the vehicle and shall be exhibited upon demand of any police officer."

In explaining how the evidence was sufficient to prove these offenses, the court stated:

> Trooper Lenze testified, and the [c]ourt found the testimony credible, that [Appellant] admitted that he was the driver of the vehicle and that he was aware he had a rear light out. Trooper Lenze testified that [Appellant] exhibited multiple signs of intoxication during a Standardized Field Sobriety Test, and a breathalyzer test administered during the stop indicated that [Appellant] had a [breath alcohol content] of 0.11%. Trooper Lenze testified that in his professional judgment [Appellant] was too intoxicated to safely drive a vehicle. Trooper Lenze also testified that the blood of [Appellant] was drawn. The results of the blood draw indicated that [Appellant] had a BAC of 0.13% and that Cocaine, Benzoylecgonine, and Cocaethylene were also present in [Appellant's] bloodstream. Trooper Lenze also testified that [Appellant] did not provide his registration information.
>
> Trooper Lenze's testimony that [Appellant] admitted he was the driver of the red Dodge Charger, his observation that [Appellant] was too intoxicated to safely operate a vehicle, and the results of the blood draw were sufficient for the [c]ourt to find that [Appellant] was guilty beyond a reasonable doubt of Counts 1-4. Trooper Lenze's testimony that [Appellant] did not provide his registration information was sufficient evidence for the [c]ourt to find beyond a reasonable doubt that [Appellant] was guilty of Count 5. Trooper Lenze's testimony that he observed, and that [Appellant] admitted, that a rear light was out provided the [c]ourt with sufficient evidence to find beyond a reasonable doubt that [Appellant] was guilty of Count 9.

TCO at 5-6.

We would agree with the court that the testimony of Trooper Lenze was sufficient to prove that Appellant committed the four DUI offenses. The

trooper stated that Appellant admitted he was driving the vehicle, and that after conducting field sobriety tests on Appellant, the trooper concluded that he was incapable of safely driving. This would be sufficient to prove DUI under section 3802(a)(1). The fact that Appellant's blood test showed his BAC was .13%, and that he had controlled substances and metabolites in his system, would also be sufficient proof of DUI under section 3802(b), (d)(1)(ii), and (d)(1)(iii).

Additionally, Trooper Lenze stated that Appellant failed to produce a vehicle registration card, and that the rear taillight of Appellant's vehicle was not working. Appellant admitted he knew his taillight was out, but he drove the car anyway. Accordingly, we would conclude that the evidence was sufficient to prove Appellant's convictions for violating sections 1311(b) and 4303(b). Thus, even if not waived, we would deem Appellant's challenges to the sufficiency of the evidence frivolous.

Next, Appellant seeks to argue that his convictions were against the weight of the evidence. As the Commonwealth points out, "Appellant failed to raise the claim that the verdict was against the weight of the evidence with the trial judge in a motion for a new trial orally, on the record, at any time before sentencing, by written motion at any time before sentencing, or in a post-sentence motion." Commonwealth's Brief at 9 (citing Pa.R.Crim.P. 607(A)). After reviewing the record, we agree with the Commonwealth that Appellant has waived his weight challenge for our review. *See Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (finding a

weight of evidence claim waived where the appellant failed to raise it in a pre-sentence motion, did not address the issue orally prior to sentencing, and did not raise it in a post-sentence motion).

In sum, Appellant's issues are both waived, and his sufficiency claim would nevertheless be deemed frivolous on the merits. Our review of the record also reveals no other, non-frivolous claims that Appellant could raise herein. Accordingly, we grant Attorney Martini's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022